FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 17 2009

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARMAINE DICKENS                                           PLAINTIFF

v.                    NO. 3:08 CV 00164 WRW

AT&T UMBRELLA BENEFIT PLAN NO. 1-
AT&T DISABILITY INCOME PROGRAM;
AT&T INC.; and SEDGWICK CLAIMS
MANAGEMENT SERVICES, INC.                                   DEFENDANTS

## AGREED ORDER

This Agreed Order (the "Agreement") is hereby entered into between Plaintiff Charmaine Dickens ("Plaintiff") and Defendants AT&T Umbrella Benefit Plan No. 1- AT&T Disability Income Program, AT&T Inc., and Sedgwick Claims Management Services, Inc. (collectively "Defendants"). The purpose of this Agreement is to protect against unnecessary disclosure of confidential business information and confidential personnel information regarding Plaintiff, Defendants or third parties that is set forth in certain documents or discovery responses that will be produced by the parties in the course of this litigation.

The Parties have agreed as follows:

1.   During the course of this litigation, the parties may produce certain documents or otherwise disclose during discovery confidential business information or confidential personnel information regarding Plaintiff, Defendants or third parties.

2.   With respect to the documents produced by the parties, either party may stamp such confidential information with the word "Confidential" prior to production, which shall make that document and the information contained therein subject to this

222038-1                                                           1

Agreement. Stamping "Confidential" on the cover of any multipage document shall designate all pages of the document as confidential unless otherwise indicated by the producing party. In addition, either party may designate certain responses or disclosures as containing confidential information by stating that the information contained therein is covered by this Agreement.

3. Any information or documents outlined in Paragraphs 1 and 2 above shall not be used for any purpose except in connection with this litigation, and shall not be delivered, exhibited or disclosed in whole or in part except to (a) counsel of record for Plaintiff or Defendants in this case; (b) persons regularly employed by Plaintiff's or Defendants' counsel; (c) court reporters; (d) court personnel or designees; (e) expert witnesses and consultants who are assisting counsel in the preparation of this action for trial; (f) the parties including its in house counsel and staff; or (g) witnesses in deposition to the extent that those witnesses agree to be bound by this Agreement and either (i) authored the document, or (ii) have a need to know or be shown the document in the course of the litigation.

4. Any person to whom delivery, exhibition or disclosure is made of any document or information described in Paragraphs 1 and 2 above shall be subject to the provisions of this Agreement. Prior to delivery, exhibition or disclosure of covered documents or information to a person qualified to receive it under Paragraph 3, counsel for the party making the disclosure shall give to each such person a copy of this Agreement, and shall secure from that person a Confidentiality Acknowledgement in the form attached as Exhibit "A," stating that he or she has read this Agreement; that he or she may not, and undertakes not to, divulge any confidential business information or

confidential personnel information contained therein except in the preparation, trial or appeal of this action and in accordance with the terms and conditions of this Agreement; and that he or she will not use any confidential business information or confidential personnel information for any other purpose. The originals of all signed Confidentiality Acknowledgments shall be maintained by counsel for the party responsible for making the disclosure, and made available to the producing party upon request. The disclosing party shall not be required to obtain a signed Confidentiality Acknowledgment prior to submitting documents marked "Confidential" to witnesses at trial or in deposition.

5. Any party filing a paper or other document with the Court that reflects, contains, or includes any information designated as "Confidential" pursuant to the terms of this Agreement, including any copies, reproductions, extracts, summaries of documents, answers to interrogatories, responses to requests for admissions, testimony, or other materials or information, as well as briefs or other pleadings quoting or referring to Confidential material, shall clearly mark each page so designated and shall file such paper in a sealed envelope or other suitably sealed container, which indicates the style of this case, the party filing the materials, the nature of the materials filed, and the legend "CONFIDENTIAL PURSUANT TO AGREED ORDER – DOCUMENT SUBMITTED UNDER SEAL." Any such filing shall comply with the Local Rules for the Eastern District of Arkansas, Jonesboro Division. The person filing any such document shall inform the Clerk in writing that all or a portion of the materials designated thereof are subject to this Agreement and are to be kept under seal pursuant to the Agreement. All portions of pleadings or other Court filings that incorporate or disclose confidential information shall remain under seal until the Court orders otherwise.

6. This Agreement shall not preclude the right of the parties to (i) bring, at any time, before the Court before which this case is pending the question of whether any particular document or information designated as "Confidential" is confidential or whether its use or disclosure should be restricted or may be disclosed other than in accordance with this Agreement, (ii) present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, or (iii) enforce the terms of this Stipulation.

7. Within sixty (60) days after the final termination of this litigation, including all appeals therefrom, or upon settlement or abandonment of this case, the parties shall either (i) return all materials marked Confidential received hereunder, together with any and all copies or excerpts thereof in the possession of the parties, counsel or witnesses proffered by the parties or designated to receive Confidential material pursuant to this Agreement, to counsel for the party producing said materials, or (ii) destroy all such materials, and certify in writing to counsel for the party producing said materials that they have been destroyed. The parties shall also return to counsel or destroy extracts or summaries of Confidential material or documents containing information taken therefrom, but excluding any materials that in the good faith judgment of counsel are work product materials or materials otherwise privileged under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

9. The inadvertent or unintentional production of Confidential material shall not alter the confidential nature and protection of the Confidential material under this Agreement.

10. The obligations of confidentiality set forth in this Agreement shall continue in effect after the termination of this case, and either party can move the Court to enforce this Agreed Order and/or remedy any violation of this Agreement. The parties also agree that the Court has full jurisdiction to decide any dispute that may arise hereunder upon motion of any party, including but not limited to whether documents or information have been improperly designated as Confidential.

11. Nothing in this Agreement shall limit, affect, or otherwise govern the use a party may make of its or her own documents or information or the portions of their depositions or the testimony of their partners, employees, officers, or agents containing or referring to Confidential material, or affect any other understandings or agreements between the parties concerning the confidential treatment to be accorded any document or information. This Agreement may only be introduced into evidence by a party in an action to enforce the terms of this Agreement.

SIGNED this 17th day of February 2009.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED:

/s/Brandon W. Lacy
BRANDON W. LACY
WILCOX PARKER HURST
LANCASTER & LACY, PLC
Attorneys for Plaintiff

/s/JoAnn C. Maxey
JOANN C. MAXEY
WILLIAMS & ANDERSON PLC
Attorneys for Defendants

# EXHIBIT A

## CONFIDENTIALITY ACKNOWLEDGMENT

I certify that I have read and understand the attached Agreed Order. I further certify that I will maintain all materials submitted to me in this case as confidential, and that I will not disclose any materials submitted to me to any person or entity other than the following:

(a) counsel of record for Plaintiff or Defendants in this case;

(b) persons regularly employed by Plaintiff's or Defendants' counsel;

(c) court reporters;

(d) court personnel or designees;

(e) expert witnesses and consultants who are assisting counsel in the preparation of this action for trial;

(f) the parties, or;

(g) witnesses in deposition to the extent that those witnesses agree to be bound by this Agreement and either (i) authored the document, or (ii) have a need to know or be shown the document in the course of the litigation.

I further certify that I will use the materials only in connection with the referenced lawsuit and for no other purpose, and that I will return the materials, together with any and all copies thereof, within 60 days after the final resolution of this case, to counsel for the person or entity that provided it to me.

These certifications are made under penalty of perjury.

SIGNED   this _____ day of _____  _____ in
_____.

_____

222038-1